UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  v.                  **Hon. Hugh B. Scott**

                                                  11CR208S

SPIWE BARNES,                                  **Order**

                Defendant.

Before the Court is defendant's omnibus motion (Docket No. 8), in particular for suppression of his statements (id., Def. Atty. Aff. ¶¶ 43-46). The Government responded arguing that the motion to suppress should be denied, claiming that defendant's bald assertions (made through counsel) were not sufficient to warrant a suppression hearing (Docket No. 12, Gov't Response at 16-17). During oral argument of the omnibus motion, on January 24, 2012, the Government argued that defendant himself needed to submit an affidavit to controvert the Government's contention that his statements were voluntary, spontaneous utterances. Defendant disputed that he had to aver that his statements were involuntary or the product of interrogation. This Court ordered defendant to brief this issue or submit an affidavit by February 7, 2012, and any response by the Government thereto was due by February 14, 2012. (Docket No. 13, Minutes.) Defendant then filed a timely affidavit (Docket No. 14) and the Government submitted a timely response (Docket No. 15). This Order addresses the question whether a suppression hearing should be held or not; the other relief sought in the omnibus motion has not been submitted and will be addressed in a separate Order upon resolution of this question.

BACKGROUND

Defendant is charged in a four-count Indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); with possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1); and with possession of firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Docket No. 1, Indict.). The Indictment alleges that on June 14, 2011, defendant possessed the drugs, firearm, and ammunition (id., Counts 1-4). This Indictment also alleges two forfeiture counts, for $5,506 and a handgun (id., 1st, 2d Forfeiture Allegations).

According to the Government's response to the omnibus motion (Docket No. 12, Gov't Response at 1), these charges stem from the execution of a search warrant on June 14, 2011, at defendant's residence, 42 Orange Street, Buffalo, New York, where agents found a pistol, approximately $5,000, 12 grams of cocaine, and drug distribution paraphernalia.

In his omnibus motion, defendant claimed that he was questioned on June 14, 2011, by Government agents during the execution of that search warrant and he believed that he was in custody when questioned by the agents (Docket No. 8, Def. Atty. Aff. ¶¶ 43, 44). The agents, however, did not advise him of his Miranda[1] rights (see id. ¶ 44), in violation of his rights and as a result defendant concludes that his statements should be suppressed (id. ¶¶ 45-46). He moves to suppress his statements on the grounds that the statements were obtained while he was in custody and in response to interrogation by police prior to being advised of his Miranda rights;

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

that he did not make a knowing and intelligent waiver of his rights; and/or that he was subject to an illegal seizure, see Dunaway v. New York, 442 U.S. 200 (1980) (id. ¶ 46).

The Government argues that defendant fails to specify a basis for a suppression hearing and absent such specificity (including statement from defendant himself) this Court is not required to conduct an evidentiary hearing (Docket No. 12, Gov't Response at 16-17), see United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998) (per curiam).

After argument of the omnibus motion (see Docket No. 13), defendant submitted an affidavit stating that he was immediately arrested by law enforcement officers on June 14, 2011, and was not advised of his rights (Docket No. 14, Def. Aff. ¶¶ 2, 7-8). The Government reserved the right to respond to this affidavit (see Docket No. 12, Gov't Response at 17; Docket No. 13, Minute Entry). The Government responded that the defendant's affidavit failed to establish grounds for conducting a suppression hearing (Docket No. 15, Gov't Response to Def. Aff. at 1). According to the DEA agents' report (id., Ex. A; see id., Gov't Response to Def. Aff. at 1-2),

> "when DEA agents arrived at the defendant's residence to execute a federal search warrant, they asked the defendant to move into the bedroom, where Task Force Officer Eric Herrington explained to the defendant the reason for the search warrant. Herrington then began to explain to the defendant that he would have an opportunity to speak with agents, when the defendant interrupted Herrington and told him, 'I have a gun and some money in the top dresser drawer in my bedroom.' The defendant was not under arrest at the time he made this statement. Furthermore, he did not make the statement in response to any questioning."

(Docket No. 15, Gov't Response to Def. Aff. at 1-2.) From the DEA agent's report, defendant was placed under arrest after stating that he had money and weapons in his bedroom and pointed out where those items were (id., Ex. A, at page 2 of 7). The Government argues that defendant only was detained during the search and that he had not alleged that he was in a custodial

3

situation (id., at 2) and, even if custodial, there was no allegation that he was being interrogated when he spoke (id. at 3).

## DISCUSSION

The Government argues that the <u>defendant personally</u> has to allege, by affidavit, facts that refute the Government's contention that his statements on June 14, 2011, were voluntary, spontaneous utterances (Docket No. 12, Gov't Response at 16-17; <u>see</u> Docket No. 13, minutes of Jan. 24, 2012). Defendant initially failed to allege a specific reason why his statements were not knowingly or intelligently made (such as lack of <u>Miranda</u> warning, coercion, or lack of competence (Docket No. 12, Gov't Response at 16). He later averred that he believed that he was under arrest and subject to custodial interrogation without being advised of his <u>Miranda</u> rights (Docket No. 14).

District courts have required the defendant, and not merely his or her counsel, to state the facts to demonstrate that a factual dispute exists requiring a suppression hearing, <u>Mathurin</u>, <u>supra</u>, 148 F.3d at 69 (defendant avers that he was not advised of <u>Miranda</u> rights); <u>United States v. Richardson</u>, 837 F. Supp. 570 (S.D.N.Y. 1993) (defense counsel allegation insufficient to gain hearing); <u>United States v. Ahmad</u>, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel insufficient to warrant hearing); <u>United States v. Caruso</u>, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers"); <u>see</u> <u>United States v. Richardson</u>, No. 09CR55, 2010 U.S. Dist. LEXIS 139303 (W.D.N.Y. Dec. 9, 2010) (Schroeder, Mag. J.) (citing cases, holding that bare conclusory allegations were

4

insufficient to create need for hearing), adopted, 2011 U.S. Dist LEXIS 2095 (W.D.N.Y. Jan. 7, 2011) (Arcara, J.).

Factual questions are present here to warrant an evidentiary hearing. Defendant claims that he was under arrest when the agents entered and was thus in custody, while agent Herrington denies defendant was arrested when he spoke. There also is a question whether defendant was responding to agent questioning (hence being interrogated) or whether he made voluntary, spontaneous utterances. As in Mathurin, supra, 148 F.3d at 69 (cited by the Government), a specific factual dispute exists when the defendant claims that Miranda warnings were not given and the Government asserts the contrary, or here asserts that those warnings were unnecessary and "that dispute cannot properly be resolved without an evidentiary hearing," id. The mere statement that Miranda warnings were never given is "sufficiently factual and specific to require an evidentiary hearing," id. at 70. The Mathurin court remanded the case for an evidentiary hearing on this discrete issue, despite the fact that there were two trials in the matter, id. The Second Circuit did not require more of a defendant to make this assertion. "As the party seeking to suppress, the defendant carries the burden of production and persuasion," United States v. Murphy, 778 F. Supp. 2d 237, 240 (N.D.N.Y. 2011) (citing Mathurin, supra, 148 F.3d at 69). "Once the movant establishes some basis for the suppression motion, . . . , the burden of proof shifts to the Government," Murphy, supra, 778 F. Supp. 2d at 240, citing United States v. Arboleda, 633 F.2d 985, 989 (2d Cir. 1980).

Here, defendant submitted an affidavit stating the he was under arrest but not advised of his Miranda rights (Docket No. 14). This is sufficient to raise factual issues to warrant an

5

evidentiary hearing. Therefore, an evidentiary hearing will be held in this case; this hearing shall be held on **Monday, March 19, 2012, at 2 pm**, before the undersigned.

CONCLUSION

So much of defendant's omnibus motion (Docket No. 8) seeking an evidentiary hearing is **granted**; this hearing shall be held on **Monday, March 19, 2012, at 2 pm**, before the undersigned.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 29, 2012